JOSEPHINE R. REID, ET AL., *v.* JOHN BOWMAN'S EXECUTOR, ET AL.

[Abstract Kentucky Law Reporter, Vol. 1—331, as *Reid v. Rowan's Ex'r.*]

**Will—Construction of Will.**

> Where a testator devises a life estate in real estate to his son, but provides that "upon the death of my son, John, his wife living, she is to possess his portion of his life estate during her widowhood for the raising and education of his children, but upon her marriage the whole of his life estate is to pass to her children in fee, share and share alike according to value" it is held that the estate is not to pass to the children when they are raised and educated, but when their mother ceases to be a widow until that event she is entitled to the possession and enjoyment of the estate.

APPEAL FROM LOUISVILLE CHANCERY COURT.

October 23, 1880.

OPINION BY JUDGE PRYOR:

We think there is no doubt but that the estate in controversy, or the title thereto, is vested in the widow and children of John Bowman, Jr., in the widow during her widowhood. There is no contingent interest created by the will, the time of the enjoyment by the children being alone postponed, as in all cases of vested remainders, but the title vested without any contingency whatever. The draftsman of the testamentary paper knew the object in view and the language necessary to be used in order to divest the widow of all interest in the estate after she had raised and educated her children. He would have said when this object was accomplished: "My daughter-in-law is to deliver over the estate to her children, or they are to have their share as they severally arrive at age." It was certainly the purpose of the devisor that no one else should enjoy this estate except the widow and children of his deceased son, and here he provides that she is to hold the property so long only as she remains a widow.

It would be a disregard of his benevolent intention, as well as the plain language of the testamentary paper, to hold that knowing the care and burden on his widowed daughter-in-law in raising and educating her infant children, he proposed the moment they were of age to divest her of the entire estate. On the contrary the language of the will manifests a plain intention that for raising and educating the children she is to hold the estate as long as she remains a widow. "Upon the death of my son, John, his wife living, she is to possess his·

portion of his life estate during her widowhood for the raising and education of his children, but upon her marriage the whole of his life estate is to pass to her children in fee, share and share alike according to value," not that the estate is to pass to the children in fee when they are raised and educated, but when their mother ceases to be a widow. Then, and not until then are they entitled to the possession and enjoyment of the devise to them. That she was required to raise and educate the children out of this estate is certain, but when this was accomplished, the burden upon her and the estate is removed so long as she continues unmarried. That she has discharged this trust is conceded by the statements of the petition, and the demurrer was therefore properly sustained.

Judgment *affirmed*.

*E. E. McKay, S. C. Reid, for appellants.*

*P. B. Muir, for appellees.*